IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| KEENA SIMS, INDIVIDUALLY, AND AS ADMINISTRATRIX OF THE ESTATE OF TOUSSAINT DIAMON SIMS AND ON BEHALF OF K.S.S, A MINOR CHILD, AND A.J.S., A MINOR CHILD | PLAINTIFF |
| v. | Civil No. 1:20cv247-HSO-BWR |
| CITY OF MOSS POINT, BRANDON ASHLEY, JOHN DOES, AND UNNAMED INDIVIDUALS | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS CITY OF MOSS POINT AND BRANDON ASHLEY'S MOTION [66] FOR SUMMARY JUDGMENT**

BEFORE THE COURT is Defendants City of Moss Point and Brandon Ashley's Motion [66] for Summary Judgment. Plaintiff has not filed a Response, and the time for doing so has passed. After due consideration of the Motion, the relevant pleadings, the record, and relevant legal authority, the Court finds that Defendants City of Moss Point and Brandon Ashley's Motion [66] for Summary Judgment should be granted, and the claims against these Defendants should be dismissed with prejudice.

I. BACKGROUND

On July 30, 2020, Plaintiff Keena Sims ("Plaintiff"), both individually and as Administratrix of the Estate of Toussaint Diamon Sims, and on behalf of K.S.S., a

1

minor child, and A.J.S., a minor child, filed suit against the City of Moss Point, Mississippi, Lancen Shipman in his individual capacity, Chief of Police Brandon Ashley in his official capacity, and John Does (collectively, "Defendants"). The Complaint [1], brought pursuant to 42 U.S.C. § 1983, alleges that Defendant Lancen Shipman ("Shipman") used unreasonable, unjustified, and excessive deadly force, in violation of Sims's rights under the Fourth Amendment to the United States Constitution. Compl. [1] at 1. The Complaint further alleges that the City of Moss Point ("City") inadequately trained its officers and that Chief of Police Brandon Ashley ("Ashley") was deliberately indifferent to this failure to train. *Id.* at 10-12.

On April 28, 2021, Shipman filed a Motion for Summary Judgment and Qualified Immunity [35], asserting that he was entitled to qualified immunity and that his actions were objectively reasonable in light of clearly establish law. Mem. [36] at 2. Plaintiff opposed on grounds that Shipman violated clearly established law prohibiting the use of deadly force against a fleeing felon who did not pose a sufficient threat of harm. Mem. [40] at 27. After reviewing the summary judgment evidence, the Court found that Shipman's use of force was not unreasonable and did not violate Sims's constitutional rights. Order [63]. The Court granted Shipman's Motion [35] and dismissed all of Plaintiff's claims against him. *Id.* Plaintiff has filed two Notices [65][69] of Appeal of this Order [63], on April 14, 2022, and on June 1, 2022. [1]

---

[1] This Court is not divested of jurisdiction, because Plaintiff's appeal is of an interlocutory order. *See Terrell v. City of El Paso,* 176 F. App'x 623, 624 (5th Cir. 2006) (holding that the plaintiff's appeal of the district court's grant of summary judgment on grounds of qualified immunity was not a final

The remaining Defendants filed the present Motion [66] for Summary Judgment on May 4, 2022, arguing that because there was no finding that their employee violated the Constitution, they cannot be held liable. Mem. [67] at 3. After the time for Plaintiff to respond to the Motion had passed without her filing a Response, the Court entered an Order extending Plaintiff's time to respond until June 10, 2022. Text Only Order, June 2, 2022. The Court warned that if no Response was filed, the Court would proceed to rule on Defendants' Motion without the benefit of a Response. *Id.* To date, Plaintiff has not filed a Response to Defendants' Motion or otherwise responded to the Court's Order.

## II. DISCUSSION

A.  Legal standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Castera Robles v. Cayton*, 454 F. App'x 373, 376 (5th Cir. 2011). If the movant satisfies this burden, the nonmoving party must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020).

---

decision, because there were still claims pending in the district court against city and county officials).

42 U.S.C. § 1983 imposes liability upon any person who, acting under color of state law, deprives another of federally protected rights. *Doe v. United States*, 831 F.3d 309, 314 (5th Cir. 2016). Section 1983 affords a remedy to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and the laws of the United States. *See White v. Thomas*, 660 F.2d 680, 693 (5th Cir. 1981). "A Section 1983 claimant must 'establish that the defendant was either personally involved in the deprivation [of his rights] or that his wrongful actions were causally connected to the deprivation.'" *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)).

B.     <u>Liability of Defendant City of Moss Point</u>

"[C]laims against local governments premised on a theory of respondeat superior are not cognizable under § 1983." *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978)). "Accordingly, 'isolated unconstitutional actions by municipal employees will almost never trigger liability,' but rather 'the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 412 (5th Cir. 2015) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official

4

government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

In this case, Plaintiff relies upon inadequate training as her theory of liability as to the City of Moss Point. Compl. [1] at 10. Even assuming that the City of Moss Point's training policy or procedures were inadequate, Plaintiff has presented no competent summary judgment evidence from which one could infer that the City was deliberately indifferent in adopting its training policy, or that the inadequate training policy directly caused a constitutional violation. As the Court previously found, Plaintiff has not shown that officers on the scene violated Sims's constitutional rights. Order [63]. Because the decedent's constitutional rights were not violated, there can be no basis for liability on the part of the City. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (finding no liability for the city and its police commission, because the individual officer did not violate the plaintiff's constitutional rights); *Alpha v. Hooper*, 440 F.3d 670, 672 (5th Cir. 2006) (holding that because the individual officer had not violated the victim's constitutional rights, there was no basis for liability on the part of the county or the sheriff). Therefore, the City is entitled to summary judgment on Plaintiff's claims.

C.  Liability for Defendant Brandon Ashley

Plaintiff alleges that Ashley was the Chief of the Moss Point Police Department, and that he "was aware of, and deliberately indifferent to, the known and obvious consequences of the MPPD's failure to implement training protocols." Compl. [1] at 12. "A Section 1983 claimant must 'establish that the defendant was

either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" *Jones*, 678 F.3d 344 at 349 (citation omitted). However, as stated in the Court's previous Order [63], there was no violation of Sims's constitutional rights. Therefore, Ashley is entitled to summary judgement on Plaintiff's claims.

### III. CONCLUSION

Defendants City of Moss Point and Brandon Ashley's Motion [66] for Summary Judgment should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants City of Moss Point and Brandon Ashley's Motion [66] for Summary Judgment is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the claims of Plaintiff Keena Sims, Individually, and as Administratrix of the Estate of Toussaint Diamon Sims and on behalf of K.S.S, a minor child, and A.J.S., a minor child, are **DISMISSED WITH PREJUDICE**. Because this disposes of all remaining claims in this case, the Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 4th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE